IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| DONALD A. and THERESA ANN BAKER, | : | Bankr. Case No. 08-10077-CSS |
| | : | |
| Debtors. | : | |
| | : | |
| FORD MOTOR CREDIT COMPANY, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 08-440-JJF |
| | : | |
| DONALD A. and THERESA ANN BAKER, | : | |
| | : | |
| Appellee. | : | |

Hillary Veldhuis, Esquire and Stephen P. Doughty, Esquire of LYONS, DOUGHTY & VELDHUIS, P.A., Wilmington, Delaware.

Attorneys for Appellant.

William F. Jaworski, Jr., Esquire of
WILLIAM F. JAWORSKI, JR., ESQUIRE, Dover, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is an appeal filed by Appellant, Ford Motor Credit Company ("Ford"), of the June 10, 2008 Order of the Bankruptcy Court concluding that the repossession of the Debtors' motor vehicle by Ford constituted a violation of the discharge entered by the Bankruptcy Court on April 15, 2008, and ordering the return of the vehicle, compensatory damages, attorney's fees and costs against Ford in an amount to be determined at a damages hearing. For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court.

## I. PARTIES' CONTENTIONS

By its appeal, Ford contends that the Bankruptcy Court misconstrued the Bankruptcy Abuse and Prevention Consumer Protection Act of 2005 (the "Bankruptcy Abuse Act"), which effectuated substantial changes to the Bankruptcy Code. In particular, the Bankruptcy Code provided debtors with three express options for retaining secured collateral: (1) surrender, (2) redemption; or (3) reaffirmation. A "fourth option" was judicially created by the Third Circuit in In re Price[1], which allows a Chapter 7 debtor to retain secured collateral without reaffirming or redeeming the debt, by maintaining current payments and otherwise performing the obligations on the underlying loan. According to Ford, amendments made to the Bankruptcy Code through the Bankruptcy Abuse Act have eliminated

---

[1] 370 F.3d 362 (3d Cir. 2004).

the judicially created "fourth option" by requiring debtors to affirmatively take specified action with respect to their personal property. Specifically, Ford contends that debtors are required to enter into a reaffirmation agreement under certain new additions to Section 521, as well as the newly enacted Section 362(h). In this case, however, the Bankruptcy Court denied approval of the proposed reaffirmation agreement between the Debtors and Ford, and therefore, Ford contends that the reaffirmation agreement is not enforceable and the requirements of the Bankruptcy Abuse Act were not satisfied. Accordingly, Ford contends that it did not violate the discharge by invoking the bankruptcy default clause in their financing agreement with the Debtors which allowed them to repossess the vehicle based on the Debtors' filing for bankruptcy.

In the alternative, Ford contends that the Bankruptcy Court erred in exercising jurisdiction over this matter. Ford contends that a discharge in a Chapter 7 liquidation only applies to the personal liability of the debtor. Because a repossession of secured collateral is an *in rem* action, Ford contends that it does not implicate the discharge injunction. Further, Ford points out that the bankruptcy proceeding was complete and closed at the time the repossession took place, and therefore, the vehicle was no longer property of the estate over which the Bankruptcy Court could exercise jurisdiction. Ford contends that

2

the Bankruptcy Court overlooked this argument because it held an emergency hearing without allowing the parties the opportunity to brief and argue this issue.

In response, the Debtors contend that the amendments to the Bankruptcy Abuse Act limit the "fourth option" but do not eliminate it entirely. The Debtors contend that <u>Price</u> remains controlling law in this Circuit and permits a debtor under Section 521(a)(2)(A) to state his or her "intention with respect to the retention or surrender of such property and, if applicable, specifying . . . that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property."[2] The Debtors contend that even though the Bankruptcy Court did not approve the reaffirmation agreement, that reaffirmation agreement was entered into by the Debtors and Ford within the meaning of Section 521(a)(6), and therefore, if that section applies, the Debtors contend that they have complied with its requirements. The Debtors also contend that Sections 521(d) and 362(h)(1) do not apply, because they took timely action constituting the required statement of intention by entering into the reaffirmation agreement with Ford. The Debtors contend that court approval of the reaffirmation agreement is not statutorily required, and to hold otherwise would penalize Debtors for actions outside their control. Alternatively, the

---

[2] <u>See</u> 11 U.S.C. § 521(a)(2)(A).

Debtors contend Section 521(a)(6) does not apply in this case, because the statute requires the debtor to have an "allowed claim," and Ford did not file a proof of claim in this case.

With respect to jurisdiction, the Debtors contend the Bankruptcy Court has jurisdiction to address violations of the discharge injunction. According to the Debtors, the discharge injunction was violated in this case by Ford's repossession of the property, despite the Debtors' compliance with their statutory obligation of entering into a reaffirmation agreement with Ford, and therefore, the Bankruptcy Court properly exercised jurisdiction over this matter.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions.[3] With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application

---

[3] See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

4

of those precepts to the historical facts.'"[4]  The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance.[5]

### III. DISCUSSION

As a threshold matter, Ford contends that the Bankruptcy Court lacked jurisdiction to address this matter, because the bankruptcy proceeding was closed and the property at issue was no longer part of the estate.  Relying on In re Dumont[6] and In re Anderson[7], Ford contends that because the repossession of the Debtors' motor vehicle took place after the petition was filed and after discharge, the Bankruptcy Court did not have jurisdiction to determine if the repossession was valid under state law.  In the posture of this case, however, it appears that the Debtors' claims are raised under Bankruptcy law in the first

---

[4]  Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

[5]  In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

[6]  In re Dumont, 383 B.R. 481 (9th Cir. BAP 2008).

[7]  In re Anderson, 348 B.R. 652 (Bankr. D. Del. 2006). Although the Bankruptcy Court stated in Anderson, that "[s]elf help repossession of property is an in rem action that would not appear to implicate the discharge injunction," the Court notes that the Bankruptcy Court nevertheless exercised jurisdiction over the matter pursuant to 28 U.S.C. § 1334.

5

instance. Accordingly, the Court cannot conclude that the Bankruptcy Court erred in exercising jurisdiction over this action pursuant to 28 U.S.C. § 1334.

In adjudicating the Debtors' Emergency Motion To Reopen And For Rule To Show Cause For Willful Violation Of A Court Order For Wrongful Repossession Of A Motor Vehicle, the Bankruptcy Court concluded that Price is controlling despite changes to the Bankruptcy Code engendered by the Bankruptcy Abuse Act. In reaching this conclusion, the Bankruptcy Court acknowledged decisions reaching the opposite conclusion like Anderson, but distinguished those cases from the circumstances here. In particular, the Bankruptcy Court noted that the Debtors here timely entered into the reaffirmation agreement with Ford and continued to make regular payments on the collateral. The Bankruptcy Court also expressed its disagreement with the Anderson decision based on the Third Circuit's holding in Price and it interpretation of the purposes of the Bankruptcy Code.

Reviewing the Bankruptcy Court's decision in light of the Third Circuit's decision in Price and the applicable amendments to the Bankruptcy Code as a result of the Bankruptcy Abuse Act, the Court cannot conclude that the Bankruptcy Court's decision was erroneous in the circumstances of this case. As the Bankruptcy Court pointed out, the Debtors in this case entered into a reaffirmation agreement with Ford, albeit an agreement

that was not ultimately approved by the Bankruptcy Court, but importantly the Debtors continued to remain current on their loan payments. This circumstance is different than the circumstances in Anderson. To the extent this decision conflicts with Anderson and other cases adopting the Anderson court's view that Price has been superseded by statute, the Court notes that the viability of Price in the wake of the Bankruptcy Abuse Act is best left for resolution by the Third Circuit.

In sum, the Court agrees with and adopts the rationale set forth by the Bankruptcy Court in its June 10, 2008 Opinion, in light of the circumstances in this case. Accordingly, the Court will affirm the Bankruptcy Court's decision.

### IV. CONCLUSION

For the reasons discussed, the Court will affirm the June 10, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.